No. 89.—STATE OF LOUISIANA, ex rel. S. BELDEN, Attorney General, and J. R. CLAY *v.* O. C. BLANDIN.

In a suit under the intrusion act of 1868, No. 156, wherein the right to office is the subject of controversy, and the suit is commenced and prosecuted in the court below, in the name of the State, with the name of the claimant to the office joined in the action, with a prayer that he be declared the true and legal officer, and an appeal is taken from the judgment by the State, such claimant must be made a party thereto. Therefore, if an appeal has been taken from such a judgment by the State alone, it will be dismissed for want of proper parties; the fault being imputable to the appellant.

APPEAL from Eighth District Court, parish of Orleans. *Dibble*, J. *Simeon Belden,* Attorney General, for the State. *John Ray* and *H. M. Dibble,* for plaintiff and appellant. *Cotton & Levy* and *R. W. Richardson,* for defendant and appellee.

This case was tried in the court below by a jury.

LUDELING, C. J. A motion to dismiss this appeal has been made. It will be necessary to notice only one of the grounds stated, to wit: that all the parties in interest are not made parties to the appeal.

An examination of the record satisfies us that the motion is well taken. The petition in the suit alleges that the State of Louisiana, by Simeon Belden, Attorney General of said State, upon the information of John R. Clay, who is joined with the State of Louisiana herein as plaintiff, respectfully represents, etc. And the prayer of the petition is, that John R. Clay "be decreed to be entitled alone to the possession

State ex rel. Clay v. Blandin.

of all the papers, tax rolls, delinquent lists, and every other manner of paper or papers pertaining to said office, in possession of said Blandin," etc.

The title of the suit in the citation, and elsewhere, is, The State of Louisiana, ex rel. S. Belden, Attorney General, and J. R. Clay v. O. C. Blandin.

The fifth, sixth and seventh sections of the act of 1868, No. 156, expressly recognize the party alleged to be entitled to the office, as a party interested in the suit; they recognize the fact that judgment may be given in his favor. Suppose judgment had been rendered in favor of the plaintiff, could the defendant have appealed without making J. R. Clay a party to the appeal? We think not. The appeal having been taken by petition in the name of the State alone, and J. R. Clay not having been cited, the fault is attributable to the appellant, and the appeal must be dismissed.

It is therefore ordered that the appeal be dismissed at the costs of the appellant.